UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JAMES P. LYDEN and KRISTIN M.
LYDEN,

        Plaintiffs,

vs.

UNITED STATES OF AMERICA,

        Defendant.

_____/

CASE NO.:
6:07-cv-1879-Orl-31GJK

## JOINT FINAL PRE-TRIAL STATEMENT

COME NOW the Plaintiffs, JAMES P. LYDEN and KRISTIN M.

LYDEN, and Defendant, UNITED STATES OF AMERICA, by and through

the undersigned attorneys and file this Joint Final Pre-Trial Statement in

accordance with the Court's Case Management and Scheduling Order dated

February 14, 2008, and Local Rule 3.06(c).   Counsel for the parties met on

March 5, 2009, thereafter the following Joint Final Pre-Trial Statement has been

agreed to:

**1.**    **BASIS FOR FEDERAL JURISDICTION**

This Court has jurisdiction pursuant to 28 U.S.C. §1346(a)(1).

## 2.    CONCISE STATEMENT OF THE NATURE OF THE ACTION

This is a civil action against the United States for a refund of gift taxes and interest paid to the United States Treasury by Plaintiffs as a result of the Internal Revenue Service's determination that such taxes and interest were due for gifts made by Plaintiffs in tax years 2000 and 2001.

## 3.    GENERAL STATEMENT OF EACH PARTY'S CASE

A.    <u>Statement of Plaintiff's Case:</u>

This case concerns a dispute between the Lydens and the Internal Revenue Service (the "Service") regarding the amount of gift tax due as a result of certain transfers of family limited partnership interests of Lyden Properties, Ltd. (the "Partnership") in tax years 2000 and 2001.  The Partnership was formed in July of 2000 for various purposes including buying, selling and managing real estate holdings in Florida and Colorado.  At its inception, general partner Lyden Management, Inc. possessed 10 capital units and James and Kristin Lyden each possessed 495 capital units.  On December 31, 2000, James and Kristin Lyden each transferred 264.25 of their respective capital units to various members of their family.  This transfer was followed by another similar transfer of 27.28 units each on January 1, 2001.

In order to determine how much, if any, gift tax would be due on the transfers, the Lydens retained CPA A. William Forness, Jr. to prepare a valuation for the units transferred.  At the time of the transfers, the Partnership owned four pieces of real property and possessed $125,054 in cash.  Appraisals found the total value of the real estate to be $5,640,000.  To determine the true value of each unit of the Partnership, Mr. Forness applied discounts based on the fact that the units being transferred were not marketable due to restrictions on transfer and lack of willing buyers and that the units represented minority interests lacking any meaningful control over the Partnership's actions.  Mr. Forness concluded that it would be appropriate to reduce the value of each unit by a combined 48% for purposes of determining gift tax liability.

Based on Mr. Forness's valuation, the Lydens determined, after applying annual exclusions and the unified tax credit, that they owed no gift tax for the 2000 gifts and that they each owed $659.00 for 2001 gifts.  The Lydens filed form 709 gift tax returns reflecting these amounts.

Subsequently, the Service reviewed the returns and informed the Lydens that they each owed an additional $132,539.00 in taxes for gifts made in tax year 2000 and $18,795.00 in taxes for gifts made in 2001.  The Service's determination accepted the Lydens' calculation of the Partnership's total asset

value.  However, it adjusted the amount of units gifted and allowed only a 25% combined discount for lack of marketability and lack of control.  The Lydens appealed the Service's determination and a lengthy appeals process ensued. Eventually, Plaintiffs decided to pay the entire amount claimed due plus interest in order to pursue the matter in Federal District Court.  After a claim for refund was filed and denied the instant case was filed.

Plaintiffs have retained certified valuation analyst Vincent J. Shea of the firm Sheldrick, McGehee and Kohler, LLC to perform an independent analysis of the fair market value of one limited partnership unit in Lyden Properties, Ltd. Mr. Shea has determined that, based on the Lyden Properties, Ltd. Partnership Agreement and other relevant factors, a combined discount of 47.5% from the overall asset value is appropriate.   Based on Mr. Shea's determination, Plaintiffs are entitled to a total refund of $294,779.94 for overpaid tax. Plaintiffs are also entitled to receive a refund of a large portion of the $92,488.59 previously paid as interest on the tax claimed due as well as additional interest that continues to accrue on the entire refund amount.

B.    Statement of Defendant's Case:

Section 2501 of the Internal Revenue Code (26 U.S.C.) generally imposes a tax on gifts of a certain value of property made by an individual

during a calendar year.  In this case, it is undisputed that the Plaintiffs made taxable gifts of property in 2000 and again in 2001.  The central issues in dispute are (1) the identity of the gifted property, and once that factual issue has been resolved, (2) the property's value.  The proper amount of Plaintiffs' gift tax liability for 2000 and 2001 can be determined only after those two questions are answered.

Although the Plaintiffs contend that they made gifts of partnership units in Lyden Properties, Ltd., a real estate holding venture, the Government primarily contends that the Plaintiffs, in substance and despite formal steps actually taken, gifted interests in the real estate held by the partnership.  In order to value the gifts in this case, the Government retained valuation expert Steven Hazel.  Mr. Hazel valued both the individual interests in the real estate as well as the partnership units.

According to Mr. Hazel, had the Plaintiffs gifted interests in the underlying real estate directly to the gift recipients, appropriate valuation discounts on the fair market value of those interests would range between 16.96% and 19.13%.  Such figures would result in a discounted value of a one-percent interest in the real estate ranging approximately between $46,621.59 and $47,872.59.  Because the gifts involve undivided interests in real estate, the

appropriate discount will ultimately depend on the manner in which the real estate is partitioned.

In the event the fact finder finds that the Plaintiffs had actually gifted units in Lyden Properties, Ltd., Mr. Hazel concludes that 34% should be the maximum allowable discount claimed on the value of the subject gifts, making the discounted value of a one-percent interest in Lyden Properties, Ltd. worth approximately $38,049.03. This discount accounts for both the lack of control and lack of marketability of the gifted units. Mr. Hazel's analysis leading to this conclusion is premised upon a thorough, painstaking analysis of the partnership agreement and other facts particular to this case.

## 4.    LIST OF EXHIBITS AND OBJECTIONS

A.    Plaintiffs' Exhibit List is attached hereto as Appendix A.

B.    Defendant's Exhibit List is attached hereto as Appendix B.

## 5.    LIST OF ALL WITNESSES WHO MAY BE CALLED AT TRIAL

A.    Plaintiffs' Witness List is attached hereto as Appendix C.

B.    Defendant's Witness List is attached hereto as Appendix D.

6. **LIST OF EXPERT WITNESSES WHO MAY BE CALLED AT TRIAL**

A.    Plaintiffs' Experts are set forth below and these individuals are also listed in Plaintiffs' Witness List attached as Appendix C.

Vincent Shea, CVA

Mr. Shea will be offered as an expert in the field of valuation of closely held business entities.  He will testify, consistent with his expert report, that the particular characteristics of Lyden Properties, Ltd. necessitate application of discounts to the value of a single limited partnership unit in said company for lack of control and lack of marketability.  He will testify that the holder of one ownership unit in Lyden Properties, Ltd. lacks sufficient authority to exercise any meaningful control over the business of the partnership, therefore, a discount of 25% is appropriate for lack of control.  Mr. Shae will also testify that a limited partnership unit in Lyden Properties, Ltd. is not marketable because there is no established market for such units and the limited partnership agreement places restrictions on their transfer.  As such, Mr. Shae will testify that a 30% discount for lack of marketability is appropriate.  When applied to the undiscounted value of Lyden Properties, Ltd, these percentages result in a total combined discount of 47.5%.

B.    Defendant's Experts are set forth below, and these individuals are also listed in Defendant's Witness List attached as Appendix D.

Steven J. Hazel, CPA/ABV, ASA, CVA, CMC

The Government is offering Mr. Hazel as an expert in the field of valuation.   The Government retained Mr. Hazel to opine on two different scenarios.  First, Mr. Hazel will testify, consistent with his written report, that the 47.5% discount of the partnership units advanced by the Plaintiffs unreasonably exceeds a discount that is supportable by the facts.  Instead, Mr. Hazel will testify, that the value of a single unit in Lyden Properties, Ltd. should be discounted no further than 34%.   This discount, Mr. Hazel will explain, accounts both for the lack of marketability and lack of control of the partnership units in question.

Mr. Hazel also performed a valuation that assumed that the Plaintiffs had gifted direct interests in the real estate held by Lyden Properties, Ltd. rather than individual partnership units.[1]  Based on those facts, Mr. Hazel will testify that, had the Plaintiffs gifted direct interests in the real estate, the appropriate discount would be limited to approximately 16.96% to 19.13%, depending on the circumstances.

---

[1] Mr. Hazel will not offer an opinion on whether that assumption more accurately reflects the nature of the property transferred.

**7.    STATEMENT OF ELEMENTS OF CLAIMS FOR MONEY DAMAGES AND AMOUNT SOUGHT**

A.    James P. Lyden seeks a refund of taxes paid during tax years 2000 and 2001 totaling $151,334.00.

B.    Kristin M. Lyden seeks a refund of taxes paid during tax years 2000 and 2001 totaling $151,334.00.

C.    James P. Lyden seeks a refund of interest paid totaling $46,193.00.

D.    Kristin M. Lyden seeks a refund of interest paid totaling $46,295.59

E.    Both Plaintiffs seek interest on their total refund amount at the overpayment rate established under 26 U.S.C. §6621.

**8.    LIST OF ALL DEPOSITIONS TO BE OFFERED INTO EVIDENCE AT TRIAL**

A.    <u>Plaintiffs' Designations:</u>
1.    See attached Appendix E.

B.    <u>Defendant's Designations:</u>
1.    None, other than for impeachment.

**9.    CONCISE STATEMENT OF FACTS WHICH ARE ADMITTED**
(together with any reservations directed to such admissions)

1.    James and Kristin Lyden are husband and wife.

2.    The Plaintiffs began investing in rental real estate in 1971.

3.    In 1992, the Plaintiffs registered the name "Connemara Properties" and conducted their real estate business as sole proprietors under that name. Connemara properties was not a corporation, partnership, limited liability company, or any other separate legal entity.

4.    The Plaintiffs formed Lyden Properties, Ltd on July 28, 2000 by executing the Lyden Properties, Ltd. Limited Partnership Agreement.

5.    Also on July 28, 2000, the Plaintiffs formed Lyden Management, Inc.

6.    At the inception of Lyden Properties, Ltd., general partner Lyden Management, Inc. possessed 10 capital units and limited partners James and Kristin Lyden each possessed the remaining 495 capital units.

7.    On December 18, 2000, the Plaintiffs formed Lyden Holdings, LLC.

8.    On or about December 22, 2000, the Plaintiffs transferred to Lyden Holdings, LLC four commercial office buildings and one condominium in

Winter Park, Florida, and one residence in Breckenridge Co. All of the properties so transferred were held by the Plaintiffs as investment properties.

9.    Sometime between December 29, 2000 and January 1, 2001, the Plaintiffs transferred to Lyden Properties, Ltd. their full interest in Lyden Holdings, LLC, which held the four commercial office buildings and the two residences. (The exact date of these transfers is the subject of a dispute between Plaintiffs and Defendant).

10.    After contribution of Lyden Holdings, LLC to Lyden Properties. Ltd., and at all times relevant to this case, the undiscounted net asset value of Lyden Properties, Ltd.'s real estate holdings was $5,640,000.00.

11.    After contribution of Lyden Holdings, LLC to Lyden Properties. Ltd., and at all times relevant to this case, the undiscounted net asset value of Lyden Properties, Ltd.'s cash holdings was $125,054.00.

12.    On December 31, 2000, James Lyden transferred 247.25 total units of Lyden Properties, Ltd. to several of his children and grandchildren.

13.    On December 31, 2000, Kristin Lyden transferred 247.25 total units of Lyden Properties, Ltd. to several of her children and grandchildren.

14.    On January 1, 2001, James Lyden transferred 34.1 total units of Lyden Properties, Ltd. to several of his children and grandchildren.

15.  On January 1, 2001, Kristin Lyden transferred 34.1 total units of Lyden Properties, Ltd. to several of her children and grandchildren.

16.  Following these transfers, units in Lyden Properties, Ltd. were held by the following people in the following percentages:

| Unit Holder | Percentage Held After Gifts |
| --- | --- |
| James Lyden | 20.35% |
| Kristin Lyden | 20.35% |
| Scott Lyden | 16.71% |
| Kimberly Lyden DeJong | 16.71% |
| Lisa Lyden Hull | 17.39% |
| Jack Lyden | 1.36% |
| Hannah Lyden | 1.36% |
| Camille Lyden | 1.36% |
| Caitlin DeJong | 1.36% |
| Morgan DeJong | 1.36% |
| Kenneth Allen | .34% |
| Virginia Allen | .34% |

17.     On or about June 5, 2002, James and Kristin Lyden each submitted a gift tax return to the Internal Revenue Service for gifts of family limited partnership interests made in tax year 2000.

18.     In their returns for tax year 2000, James and Kristin Lyden each declared that there were no gift taxes owed on the transfers of partnership interests.

19.     On or about, January 9, 2002, James and Kristin Lyden each submitted a gift tax return to the Internal Revenue Service for gifts of family limited partnership interests made in tax year 2001.

20.      In their returns for tax year 2001, James and Kristin Lyden declared that each owed $659.00 in gift taxes on the transfers of partnership interests, and an additional $40.00 each for penalties and interest based on late payment.

21.     James and Kristin Lyden submitted checks totaling $1,398.00 to the Service to pay their 2001 gift tax liabilities.

22.     On January 28, 2004, James and Kristin Lyden each received two thirty day letters from the Internal Revenue Service.

23.    In the Letters, the Internal Revenue Service claimed that James and Kristin Lyden each owed an additional $132,539.00 in taxes for gifts made in tax year 2000 and $18,795.00 in taxes for gifts made in 2001.

24.    On or about April 8, 2004, James and Kristin Lyden appealed the Internal Revenue Service's determination.

25.    . The parties were unable to reach a mutually-agreeable resolution to the controversy by the conclusion of the administrative appeal.

26.    On or about December 14, 2005, the Internal Revenue Service issued a Notices of Deficiency to James and Kristin Lyden stating that they each owed an additional $132,539.00 in taxes for gifts made in tax year 2000 and $18,795.00 in taxes for gifts made in 2001.

27.    On or about February 14, 2006, James and Kristin Lyden each submitted checks to the service for the entire $151,334.00 claimed to be owed.

28.    In March of 2006, the Internal Revenue Service sent two notices of tax due to James Lyden indicating that he owed an additional $41,910.52 in interest for tax year 2000 and $4,282.48 in interest for tax year 2001.

29.    Also in March of 2006, the Internal Revenue Service sent two notices of tax due to Kristin Lyden indicating that she owed an additional

$41,910.52 in interest for tax year 2000 and $5,943.21 in interest for tax year 2001.

30.    In response to these notices, James Lyden submitted a check to the Internal Revenue Service for $46,193.00 on March 27, 2006 and Kristin Lyden submitted a check to the Service for 47,853.73 on April 10, 2006.

31.    Subsequently, Kristin Lyden received a check from the Internal Revenue Service in the amount of $1,658.14 as a partial refund on the interest paid.

32.    On or about January 3, 2007, James Lyden submitted two Claims for Refund on IRS form 843 in the amount of $174,449.52 for tax year 2000 and $23,077.48 for tax year 2001.

33.    On or about January 3, 2007, Kristin Lyden submitted two Claims for Refunds on IRS form 843 in the amount of $174,449.52 for tax year 2000 and $23,080.07 for tax year 2001.

34.    The claims for refund contend that the Internal Revenue Service was mistaken in its valuation of the family limited partnership units in tax years 2000 and 2001 because it incorrectly failed to apply appropriate discounts for the lack of marketability of the units and the fact that they represented minority interests in the partnership.

35.    On June 8, 2007, the Internal Revenue Service sent a letter to the Lydens indicating that the Claims for refund had been denied and that James and Kristin Lyden were free to bring an action for refund in Federal District Court.

36.    The United States has waived sovereign immunity with regard to the instant suit.

**10.    CONCISE STATEMENT OF AGREED PRINCIPLES OF LAW**

1.    The Plaintiffs must present evidence to overcome the initial presumption that the IRS's audit determination was correct.  To overcome that presumption, the Plaintiffs bear the initial burden of proving each necessary fact to establish that they are entitled to receive refunds of gift taxes.  The Plaintiffs can meet this burden by presenting credible evidence with respect to each such necessary fact.  Each factual issue for which the the Plaintiffs succeed in presenting such evidence, the burden of proof with respect to that factual issue shall shift to the United States.

2.    The fair market value of a gift  is the net amount which a willing purchaser would pay for the interest to a willing seller, neither party being under any compulsion to buy or sell and both having reasonable knowledge of the relevant facts.  Treas. Reg. Section 25.2512-1.

3.     In the case of a gift of an interest in a business, such as a family partnership, such "net amount" shall be determined on the basis of all relevant factors, including, but not limited to:

(a) The nature of the business and the history of the enterprise from its inception.

(b) The economic outlook in general and the condition and outlook of the specific industry in particular.

(c) A fair appraisal as of the date of the gift of all assets of the business, tangible and intangible, including good will.

(d) The demonstrated and prospective earning capacity of the company.

(e) The demonstrated and prospective distribution-paying capacity.

(f) Whether or not the enterprise has goodwill or other intangible value.

(g) Sales of the partnership units and the size of the block of units to be valued.

(h) Other relevant factors.

4.     The gift tax applies whether the transfer is in trust or otherwise,

and whether the gift is direct or indirect.  26 U.S.C. Section 2511; Treas. Reg. Section 25.2511-1.

5.     A gift to a partnership is deemed to be an indirect gift to the already-existing stakeholders to the extent of their proportionate interests in the entity.  Shepherd v. Commissioner, 283 F.3d 1258, 1261 (11th Cir. 2002); Treas. Reg. Section 25.2511-1(h)(1).

## 11.   CONCISE STATEMENT OF ISSUES OF FACT THAT REMAIN TO BE LITIGATED

1.     Whether the Plaintiffs gifted to their children and grandchildren interests in the underlying real estate or units in Lyden Properties, Ltd.

2.     If the actual gift given was the underlying real estate, what is the appropriate discount to be applied to the gifted interests in the real estate?

3.     If the actual gift given was the units in Lyden Properties, Ltd., what is the appropriate discount to be applied to one ownership unit of Lyden Properties, Ltd. based on the unit's lack of marketability?

4.     If the actual gift given was the units in Lyden Properties, Ltd., what is the appropriate discount to be applied to one ownership unit of Lyden Properties, Ltd. based on the lack of control associated with ownership of the unit?

**12.    CONCISE STATEMENT OF ISSUES OF LAW THAT REMAIN TO BE LITIGATED**

1.    Whether the Defendant should be estopped from asserting, or has waived the argument, that the Plaintiffs' gifts to their children and grandchildren were indirect gifts of real estate rather than of ownership units in Lyden Properties, Ltd.

Following determination by the fact finder of all issues of fact, the following issues of law will remain to be determined by the Court:

2.    The gift tax refund amount to which James P. Lyden is entitled to, if any.

3.    The gift tax refund amount to which Kristin M. Lyden is entitled, if any.

4.    The amount of previously paid interest that James P. Lyden is entitled to have refunded, if any.

5.    The amount of previously paid interest that Kristin M. Lyden is entitled to have refunded, if any.

6.    The amount of overpayment interest owed to James P. Lyden from the date of overpayment, if any

7.    The amount of overpayment interest owed to Kristin M. Lyden from the date of overpayment, if any.

**13.    CONCISE STATEMENT OF ANY DISAGREEMENT AS TO THE APPLICATION OF THE FEDERAL RULES OF EVIDENCE OR THE FEDERAL RULES OF CIVIL PROCEDURE**

At this time, there is no disagreement between counsel for the parties over application of the Federal Rules of Evidence or Federal Rules of Procedure.

**14.    LIST OF ALL MOTIONS OR OTHER MATTERS THAT REQUIRE ACTION BY THE COURT**

1.    The United States' objects to the inclusion of William Forness, CPA, on the Plaintiffs' witness list.   Mr. Forness' testimony would be objectionable pursuant to Federal Rules of Civil Procedure 26 and 37(c)(1). Such testimony is also objectionable pursuant to Federal Rules of Evidence 402, 701, and 702.

2.    Motions in Limine are due no later than March 30, 2009.  As of yet, no such motions have been filed.

**15.    ADDITIONAL STIPULATIONS**

1.    Plaintiffs and Defendant stipulate that all documents containing sensitive confidential information of individuals such as bank account numbers and social security numbers will be redacted before being offered into evidence.

This stipulation shall not apply in the case of confidential information that is, in itself, relevant to the claims of either party.

2.    Plaintiffs and Defendant stipulate that all objections contained in the records of depositions in this case are preserved and may be reasserted without the need to specifically list them in this Pre-Trial Statement.

Respectfully submitted this 23rd day of March, 2009.

/s/ Ryan A. Lopez, Esquire
Ryan A. Lopez, Esq.
Florida Bar No. 0021831
rlopez@shuffieldlowman.com
Arthur J. Ranson, III, Esq.
Florida Bar No. 0129015
rranson@shuffieldlowman.com
Shuffield, Lowman & Wilson, P.A.
1000 Legion Place, Suite 1700
Orlando, FL  32802-1010
Telephone: (407) 581-9800
Facsimile: (407) 581-9801
Attorneys for Plaintiff

/s/ Richard D. Euliss
RICHARD D. EULISS
Trial Attorney, Tax Division
E-mail:  richard.d.euliss@usdoj.gov
U.S. Department of Justice
P.O. Box 14198
Washington, DC   20044
Telephone:  (202) 514-5915
Facsimile:  (202) 514-9868
Attorneys for Defendant

I HEREBY CERTIFY that on the 23rd day of March, 2009, a true and correct copy of the foregoing has been filed using the CM/ECF system; and I understand this system will electronically send notice to the following:

Richard D. Euliss, Esquire

**/s/ Ryan A. Lopez**
Ryan A. Lopez, Esquire